PER CURIAM.
The appellant was one of a class insured under a group health policy. The effective date of the policy was October 15, 1970. The policy excluded from coverage all those of the group who “ * * * has received medical advice or has undergone diagnosis for any condition, disease, or ailment within 90 days prior to the effective date of such subscriber’s coverage * * *”.
The appellant had suffered with heart disease for some time prior to October 15, 1970, but was pursuing his normal occupation, However, he had a prescription from a physician for Nitroglycerin and Isordil Tembids [a variant of Nitroglycerin] for his heart condition, to relieve angina pains as they might occur. On October 6, 1970, the appellant’s wife called his doctor in order to have his prescription for Isordil Tem-bids refilled at a new pharmacy. His prescription was renewable at will without a doctor’s authorization. However, to have it filled at a new or additional pharmacy, it was necessary to secure the physician’s authorization. Subsequent to the effective date of the policy, appellant suffered a possible myocardial infarction, underwent heart surgery, and incurred extensive medical bills. He sought coverage under the policy; the claim was paid in part, then *794 payment was refused because of the exclusion.
The appellant instituted the instant action in the trial court to recover the balance of the amount of his medical expenses from the insurer under the group policy. Discovery was taken; the trial judge granted a summary judgment in favor of the defendant, finding apparently as a matter of law that the appellant was receiving medical advice within the 90-day period immediately preceding the effective date of the group policy and, therefore, was excluded from coverage. We reverse.
We believe it is a question of fact for the factfinder to determine whether, under the circumstances of the instant case [where the insured had returned to his normal occupation even though utilizing a prescription drug prescribed by a medical doctor], the appellant was receiving medical advice or diagnosis. In this connection, see Allstate Life Insurance Co. v. Weldon, Fla.App.1968, 213 So.2d 15, wherein this court found that even though an applicant for group insurance had previously been hospitalized due to a heart condition but had resumed normal work, and although continuously taking medication which had been prescribed by a physician, it was within the province of a jury to determine whether or not this condition brought the insured within the exclusionary provision as to “being in good health” on the effective date of the policy. See, also, the reasoning of the court in Ettelson v. Metropolitan Life Ins. Co., 3 Cir., 164 F.2d 660, that the question of whether or not an applicant for an insurance policy had received treatment from a physician so as to exclude benefits under the policy was a question of fact for the jury. The applicant, when asked on the application about doctors not named in the insurance application that he had consulted or had been treated by within five years answered: “none”. He had actually been sent to two doctors for x-ray studies and a blood count. The defendant insurance company argued that the court should hold, as a matter of law, that the visits by the insured to the physicians were consultations. The court rejected the contention of the defendant, and explained:
“We conclude that the question whether the visits of the insured to Dr. Roemer and Dr. Cohen were consultations with a physician, as well as the question whether the answer relied on by the defendant were questions of fact which it was within the province of the Jury to decide from all the evidence in the case under proper instructions from the court.”
The general rule is that if different inferences may be drawn from the physical condition of the applicant, the question of whether or not there has been a misrepresentation or concealment is a question of fact. See: 44 Am.Jur.2d, Insurance, § 20.-68. This court, in Allstate Life Insurance Co. v. Weldon, supra, has heretofore indicated that the mere fact that an applicant may be taking prescription drugs at the time he fills out an insurance application is a matter to be considered by a trier of fact, in determining whether or not he should be excluded from coverage when the exclusion pertained to “good health”. If taking prescriptions did not automatically exclude an applicant from a condition of “good health”, then it would appear that taking a prescription drug should not automatically or as a matter of law bring one within the exclusion of receiving “medical advice” or “undergone diagnosis”.
It therefore appears that it should be a jury question as to whether or not the deceased came within the exclusionary provisions of the group policy, and the matter should not have been determined as a question of law by the trial court.
The summary judgment here under review be and the same is hereby reversed, with instructions to permit a trial on the issues as made by the complaint and answer.
Reversed and remanded, with directions.